**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DON THOMAS, : | **Hon. Noel L. Hillman** |
| Petitioner, : | Civil No. 09-6170 (NLH) |
| v. : | **O P I N I O N** |
| ERIC HOLDER, et al., : |  |
| Respondents. : |  |

**APPEARANCES:**

> DON THOMAS, #41351-037
> FCI Fort Dix
> P.O. Box 2000
> Fort Dix, New Jersey 08640
> Petitioner Pro Se

**HILLMAN, District Judge**

Don Thomas filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging a federal sentence imposed on October 30, 2009, in the United States District Court for the District of Maryland. For the reasons set forth below, this Court will summarily dismiss the Petition without prejudice.

### I.   BACKGROUND

On May 11, 2004, a federal grand jury sitting in the District of Maryland returned an indictment charging Petitioner with narcotics offenses. See United States v. Thomas, Crim. No. 04-0250 memorandum opinion at pp. 1-2 (D. Md. Oct. 30, 2009). A superseding indictment charged Petitioner with conspiracy to

distribute cocaine, possession with intent to distribute cocaine and marijuana, possession of a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm. Id.  On March 8, 2005, United States District Judge Benson Everett Legg denied Petitioner's motion to suppress evidence. Id. at p. 2.  On April 4, 2005, Petitioner pled guilty, pursuant to a plea agreement, to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and possession of a firearm in furtherance of a drug trafficking crime.  Id.  On the day Petitioner appeared for sentencing, he argued that the court lacked jurisdiction over him because he never consented to be governed by the laws of the United States and that no attorney could ethically represent him because the oath to uphold the laws of the United States created a conflict of interest.  Id.  After ordering and reviewing two competency evaluations and determining that Petitioner would not be permitted to withdraw the plea, on May 19, 2006, Judge Legg sentenced Petitioner to an aggregate 300-month term of imprisonment.  Id. at p. 3.  The judgment of conviction was filed on May 24, 2006.  Id. at docket entry #100.

On May 23, 2007, Petitioner filed a motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255, arguing in part that his attorney was ineffective for failing to file a notice of appeal after promising on the record to do so.

Id. at docket entry #105.  Petitioner filed an amended § 2255 motion on August 13, 2008, and a motion for an evidentiary hearing on September 16, 2009.  Id. at docket entry nos. 114, 125.  By order filed October 30, 2009, Judge Legge denied the motion for an evidentiary hearing, denied the amended § 2255 motion, dismissed the § 2255 motion, vacated the judgment of conviction, and appointed CJA counsel for Petitioner for the purpose of filing a direct appeal.  Id. at docket entry #129.  In the memorandum opinion accompanying the order, Judge Legge noted: (1) although Petitioner pled guilty, he reserved his right to appeal the denial of his motion to suppress; (2) on the record at the conclusion of sentencing, standby counsel expressly agreed to file a notice of appeal on Petitioner's behalf; and (3) no notice of appeal was filed.  On October 30, 2009, Judge Legg filed an amended judgment of conviction and Petitioner filed a notice appealing the judgment.  Crim. No. 04-0250 at docket entry nos. 131, 133.  Petitioner's direct appeal is pending before the United States Court of Appeals for the Fourth Circuit.  See United States v. Thomas, C.A. No. 09-5032 (4th Cir. docketed Nov. 4, 2009).

Petitioner, who is now incarcerated at FCI Fort Dix in New Jersey, filed the instant § 2241 Petition on December 2, 2009. Petitioner argues:

> Petitioner is being detained without lawful authority done thru deception and trick[ery]

> employed by illegal court proceedings.
> Petitioner retains the liberty and right to
> meet the accuser(s), and to answer for any
> physical injury and/or damage as against the
> accusing party(s) who initiated any "criminal
> complaint(s), supported by a sworn
> affidavit."  To this date, no such evidence
> has been entered into the case file or
> records, nor has Petitioner met any alleged
> accuser(s).
>
> Upon an investigation and verified
> information.  The facts re, Prosecutors and
> defense attorneys are without an Oath of
> Office on file with the Secretary of State of
> Maryland, for Respondents' affirming to
> protect or defend the United States
> Constitutional guarantee and protections.
> Defense attorneys failed to give notice or
> file appeals on Petitioner's.

(Docket entry #1 at p. 4.)

## II.  STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994). Habeas Rule 2(b) requires a § 2255 motion to "specify all the grounds for relief available to the moving party," "state the facts supporting each ground," and "state the relief requested." 28 U.S.C. § 2255 Rule 2(b).

Habeas Rule 4 requires a judge to sua sponte dismiss the motion without ordering a responsive pleading "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  28 U.S.C. § 2255 Rule 4(b).  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears

4

legally insufficient on its face." McFarland, 512 U.S. at 856. Dismissal without the filing of an answer has been found warranted when "it appears on the face of the petition that petitioner is not entitled to relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

### III. DISCUSSION

"As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal." Venen v. Sweet, 758 F. 2d 117, 120 (3d Cir. 1985 (citations omitted). As the Venen court explained, this rule "has the salutary purpose of preventing the confusion and inefficiency which would of necessity result were two courts to be considering the same issue or issues simultaneously." Id. at 121. In the context of a collateral attack upon a federal conviction, courts have concluded that "there is no *jurisdictional* bar to a district court's adjudication of a § 2255 motion while the movant's direct appeal is pending, but that such actions are disfavored as a matter of judicial economy and

concern that the results on direct appeal may make the district court's efforts a nullity." United States v. Banks, 269 Fed. App'x 152, 153 (3d Cir. 2008); see also United States v. Prows, 448 F. 3d 1223, 1228-29 (10th Cir. 2006); Womack v. United States, 395 F. 2d 630, 631 (D.C. Cir. 1968).

In the case at bar, Petitioner's pro se pleading, like his direct appeal, challenges his conviction and sentence. Accordingly, adjudication of the direct appeal may render moot the issues raised in this pro se filing. Under these circumstances, this Court declines to entertain Petitioner's challenge to his conviction and sentence, and will dismiss this matter without prejudice. See Banks, 269 Fed. App'x at 153; United States v. Ford, 215 Fed. App'x 167 (3d Cir. 2007).

## IV.   CONCLUSION

For the reasons set forth above, the Court dismisses the Petition without prejudice.

                              /s/ NOEL L. HILLMAN
                            **NOEL L. HILLMAN, U.S.D.J.**

Dated:   January 11, 2010

At Camden, New Jersey

6